**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINA FRANJUL and VERONICA BRENNER, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br>  v.<br><br>KIMBERLY-CLARK CORPORATION; KIMBERLY-CLARK WORLDWIDE, INC.; and KIMBERLY-CLARK GLOBAL SALES, LLC,<br><br>    Defendants. | CASE NO. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Christina Franjul and Veronica Brenner, individually and on behalf of other similarly situated individuals, allege the following Class Action Complaint against defendants Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (collectively, "Kimberly-Clark" or "Defendants") for making, marketing, and distributing the Huggies-brand products identified below, upon personal knowledge as to themselves and their own acts and upon information and belief – based upon, *inter alia*, the investigation made by their attorneys – as to all other matters, as follows:

## INTRODUCTION

1. In recent years, consumers have become significantly more aware and sensitive to the toxicity and impact of household products on their health, the health of their children, and the general environment.  As a result, demand has increased for so-called "green" products that are naturally derived, environmentally sound, and non-toxic.

2. Kimberly-Clark manufactures Huggies® "pure & natural" Diapers ("Huggies Natural Diapers") and Huggies® "Natural Care" Wipes ("Huggies Natural Wipes") (collectively, the Huggies Natural Diapers and Huggies Natural Wipes are herein referred to as the "Products") and distributes them to retailers nationwide for sale to consumers.

1

3.      Kimberly-Clark represents the Products to be natural, environmentally sound, and safer alternatives to traditional diapers and wipes, including traditional Huggies brand diapers and wipes.  Additionally, Kimberly-Clark represents Huggies Natural Diapers as a pure alternative to traditional diapers.

4.      Unfortunately for consumers, these representations are not true.  The Diapers are neither pure nor natural because they contain unnatural and potentially harmful ingredients such as polypropylene and sodium polyacrylate.  Likewise, the Wipes are not natural because they contain unnatural and potentially harmful ingredients such as sodium methylparaben and methylisothiazolinone.[1]

5.      This is a proposed class action brought by Plaintiffs, on behalf of a class of similarly situated individuals, against Kimberly-Clark for violation of the Magnuson-Moss Warranty Act, breach of express and implied warranties, violations of the consumer protection laws of New York, Massachusetts, Florida, and California, and unjust enrichment.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Kimberly-Clark.  Kimberly-Clark purposefully avails itself of the New York consumer market and distributes the Products to at least hundreds of locations within this County and thousands of retail locations throughout New York, where the Products are purchased by thousands of consumers every day.

7.      This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiffs allege that the total

---

[1] Kimberly-Clark has stated that it recently discontinued manufacturing Huggies Natural Diapers and removed methylisothiazolinone from Huggies Natural Wipes during the pendency of similar litigation involving the Products.  However, Huggies Natural Diapers and Huggies Natural Wipes with methylisothiazolinone were not recalled and are still available for purchase online and on shelves nationwide.

claims of individual members of the proposed Classes (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

8.      Venue is proper in this District under 28 U.S.C. § 1391(a).  Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District.

## PARTIES

9.      Plaintiff Christina Franjul is an individual consumer who, at all times material hereto, was a citizen of New York.  Ms. Franjul purchased Huggies Natural Diapers and Huggies Natural Wipes from a Duane Reade in Manhattan in 2014.  In purchasing Huggies Natural Diapers, Ms. Franjul relied on Kimberly-Clark's false, misleading, and deceptive representation that the diapers were "pure & natural," which was depicted on the packaging's green design.  In purchasing Huggies Natural Wipes, Ms. Franjul relied on Kimberly-Clark's false, misleading, and deceptive representations that the wipes provided only "natural care," which was depicted on an image of a tree leaf.  Ms. Franjul understood these representations to mean that Huggies Natural Diapers and Huggies Natural Wipes would provide only natural, relatively safe, environmentally sound (and in the case of Huggies Natural Diapers, pure) alternatives to traditional diaper and wipe offerings.  Had Ms. Franjul known the truth that the statements she relied on were false, misleading, deceptive, and unfair; she would have not purchased Huggies Natural Diapers or Huggies Natural Wipes.

10.      Plaintiff Veronica Brenner is an individual consumer who, at all times material hereto, was a citizen of California.  Plaintiff purchased Huggies Natural Diapers and Huggies Natural Wipes from CVS, Target, and Babies R Us stores located in California through 2011-2013, in Massachusetts in July 2012, and in Florida in August 2011.  In purchasing Huggies Natural Diapers, Ms. Brenner relied on Kimberly-Clark's false, misleading, and deceptive representation that the diapers were "pure & natural," which was depicted on the packaging's green design.  In purchasing Huggies Natural Wipes, Ms. Brenner relied on Kimberly-Clark's false, misleading, and deceptive representations that the wipes provided only "natural care,"

which was depicted on an image of a tree leaf.  Ms. Brenner understood these representations to mean that Huggies Natural Diapers and Huggies Natural Wipes would provide only natural, relatively safe, environmentally sound (and in the case of Huggies Natural Diapers, pure) alternatives to traditional diaper and wipe offerings.    Had Ms. Brenner known the truth that the statements she relied on were false, misleading, deceptive, and unfair; she would have not purchased Huggies Natural Diapers or Huggies Natural Wipes.

11.    Defendant Kimberly-Clark Corporation is a Delaware corporation with its principal place of business at 401 North Lake Street, Neenah, Wisconsin 54956.

12.    According to the packaging for the Products, they are distributed by Defendant "Kimberly-Clark Global Sales, LLC, Neenah, WI 54956."  According the Wisconsin Department of Financial Institutions website, Kimberly-Clark Global Sales, LLC is a Delaware corporation with its principal office at 351 Phelps Dr., Irving, Texas 75038.  Upon information and belief, Kimberly-Clark Global Sales, LLC is a wholly-owned subsidiary of Defendant Kimberly-Clark Corporation.

13.    According to the packaging and for the Products and the website for the Products, http://www.huggies.com/en-US, the name, logo, and trademarks associated with the Products are registered to Defendant Kimberly-Clark Worldwide, Inc.

14.    Defendants manufacture, market, and distribute the Huggies Natural Diapers and Huggies Natural Wipes throughout California, Florida, Massachusetts, New York, and the United States.

## COMMON FACTUAL ALLEGATIONS

15.    Seeking to profit on consumers' desire to locate and use natural, environmentally sound, and safer diaper and wipe alternatives to standard offerings, Kimberly-Clark markets the Products as "pure" and "natural" alternatives that provide numerous environmental and other benefits that traditional diapers and wipes do not.

16.    The Products are sold in a variety of outlets, including Walgreens, Wal-Mart, Safeway, Target, and other health food, grocery, and drug stores.

17.    The packaging for the Products misrepresent that the Products will benefit the environment and end user in a variety of ways.

18.    With regard to Huggies Natural Diapers, Kimberly-Clark deceptively markets them as "pure & natural."[2]  As seen in the representative images below, Kimberly-Clark makes these claims upon the front of the packaging, which is additionally illustrated with green coloring, trees, and leaves.



19.    Thus, Huggies Natural Diapers are deceptively marketed as uniquely positioned, in contrast to Kimberly-Clark's and other companies' conventional diaper offerings, to provide consumers with a natural, pure, environmentally sound, and relatively safe product.

20.    In fact, Huggies Natural Diapers do not differ materially from other Kimberly-Clark diaper offerings.

21.    The Huggies Natural Diapers only differ in two insignificant ways.

---

[2] Next to the representation "pure & natural" on the packaging is an asterisk.  According to another panel of the packaging, this asterisk indicates that "pure & natural" is a trademark of Kimberly-Clark Worldwide, Inc.

22.    First, the product, although represented to be made, without reservation, of soft organic cotton, only contains organic cotton on the outside of the diaper.

23.    The organic cotton, thus, never actually comes into contact with the ultimate user, the baby.

24.    Second, the product, despite Kimberly-Clark's marketing of it as entirely pure and natural, only differs from traditional diapers by including a liner that includes some materials that are potentially less harmful to the environment than materials used in traditional diapers. Yet, Huggies Natural Diapers also contain unnatural and potentially harmful ingredients, such as polypropylene and sodium polyacrylate, which are components of Kimberly-Clark's traditional diapers.[3]

25.    No consumer would reasonably expect a "pure & natural" offering to contain such unnatural and potentially harmful ingredients.

26.    Moreover, nowhere on the packaging for Huggies Natural Diapers does Kimberly-Clark disclose the actual composition of the diapers, including polypropylene or sodium Polyacrylate.

27.    Therefore, Kimberly-Clark's representations that the Huggies Natural Diapers are pure, natural, environmentally sound, and safer than traditional diapers are false, deceptive, and misleading.

28.    With regard to Huggies Natural Wipes, Kimberly-Clark deceptively markets them as providing "Natural Care" without qualification.  As seen in the representative image below, the packaging represents Huggies Natural Wipes as natural, both by the prominent representation "Natural Care" and by the packaging design, which includes green coloring and leaves.

---

[3] Kimberly-Clark states in a FAQ section on its website: "The inside absorbent padding on HUGGIES diapers is made of wood cellulose fiber (a fluffy paper-like material) and a super-absorbent material called *polyacrylate.*  Other materials include *polypropylene,* polyester, and polyethylene- *all synthetic materials ....*"  https://www.huggies.com/en-ca/faq/question/faqs-2 (emphasis added).

 

29.    However, Huggies Natural Wipes contain two substances, sodium methylparaben and methylisothiazolinone, that are not natural and that are hazardous.  Studies have found that sodium methylparaben is a harmful ingredient that can act as a "[h]uman endocrine disrupter" and "[h]uman immune toxicant or allergen."[4]  Indeed, the EU has banned this substance, as it can "strip skin of pigment," and the FDA limits the levels of parabens allowed in food and beverages.[5]  Methylisothiazolinone has been associated with skin toxicity, immune system toxicity, and allergic reactions.[6]  Evidence also exists that it may be neurotoxic.[7]  In Canada and Japan, this substance is restricted in cosmetics.[8]

---

[4] See Environmental Working Group ("EWG"), EWG's Skin Deep Cosmetics Database, Entry for METHYLPARABEN," http://www.ewg.org/skindeep/ingredient/703937/METHYLPARABEN/.

[5] EWG, *Teen Girls' Body Burden of Hormone-Altering Cosmetics Chemicals: Cosmetics chemicals of concern,* http://www .ewg.org/research/teen-girls-body-burden-hormone-altering-cosmetics-chemicals (citing Scientific Committee on Cosmetic Products and Non-Food Products (SCCPNFP), *Opinion Concerning Fragrance Allergy In Consumers,* SCCNFP/0017/0098 Final (1999); SCCPNFP, *An Initial List of Perfumery Materials Which Must Not Form Part of fragrances Compounds Used In Cosmetic Products,* SCCNFP/0320/0300 (2000)).

[6] See EWG, EWG's Skin Deep Cosmetics Database, Entry for METHYLISOTHIAZOLINONE," http://www.ewg.org/skindeep/ingredient/703935/METHYLISOTHIAZOLINONE/.

[7] *Id.*

[8] GoodGuide.com, Methylisothiazolinone Information,

30.     Furthermore, until around June 2010, Huggies Natural Wipes contained a substance called DMDM hydantoin, which is a "formaldehyde releaser"[9] – *i.e.*, over time, it releases formaldehyde, which is a preservative classified as a carcinogen by the United States Department of Labor's Occupational Safety & Health Administration (OSHA).[10]  Past iterations of Huggies Natural Wipes have also contained other non-natural components, such as tetrasodium EDTA, which is potentially hazardous to humans and the general environment.[11]

31.     By including non-natural components, Kimberly-Clark provides the opposite of the product's advertised attribute of "Natural Care."  Like the substances noted of concern in Huggies Natural Diapers, these substances are a far cry from the natural, environmentally sound, and relatively safe ingredients that Kimberly-Clark misleads reasonable consumers to believe its Huggies Natural Wipes are made of.

32.     Moreover, none of these ingredients are disclosed on the front label of the packaging where Kimberly-Clark makes the unqualified natural claims.

33.     Because the Products contain unnatural ingredients, Kimberly-Clark's claim that the products are "Natural" is false, misleading, and designed to deceive consumers into purchasing the Products. This fact alone, that the Products are not natural, yet marketed and distinguished primarily upon this characteristic, is sufficiently deceiving to the consumer.  The fact that evidence tends to indicate that Products' contents - in current and past iterations - may be hazardous only highlights Kimberly-Clark's deception.

---

http://www.goodguide.com/ingredients/53090-methylisothiazolinone.

[9] *See* EWG, Entry for "DMDM HYDANTOIN," http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/.

[10] Occupational Safety & Health Administration, Safety and Health Topics > Formaldehyde, http://www.osha.gov/SLTC/formaldehyde/.

[11] *See* EWG, Entry for "TETRASODIUM EDTA," www .ewg.org/skindeep/ingredient/706510/TETRASODIUM EDTA/.

**The Nature of the Illegality of Kimberly-Clark's Conduct**

34.    Kimberly-Clark has profited enormously from its false advertising of Huggies Natural Diapers and Huggies Natural Wipes.  For example, Target.com indicates that $24.99 will purchase either a 148-count package of its traditional diapers (Huggies Snug & Dry, size 1) or an 88-count package of Huggies Natural Wipes (size 1) – resulting in a premium of 60 wipes per package.  Stated otherwise, the Huggies traditional diapers cost 16.9 cents per diaper while the Huggies Natural Diapers cost 28.4 cents per diaper, resulting in a premium of 68%.[12]

35.    Similarly, Target.com indicates that $14.99 will purchase either a 768 count package of Huggies traditional wipes ("Simply Clean Baby Wipes") or a 624 count package of Huggies Natural Wipes – resulting in a premium of 144 wipes per package.  Stated otherwise, the Huggies traditional wipes cost 2.0 cents per wipe while Huggies Natural Wipes cost 2.4 cents per wipe, resulting in a premium of 23%.[13]

36.    The Federal Trade Commission (FTC), whose mission is, in part, "[t]o prevent business practices that are anticompetitive or deceptive or unfair to consumers," has issued marketing standards, known as the "FTC Green Guides,"[14] that apply to the unfair and deceptive nature of Kimberly-Clark's environmental marketing claims.

---

[12] *Compare* http://www.target.com/p/huggies-snug-dry-diapers-super-pack-size-1-148-count/-/A-16856746#prodSlot=medium_1_8&term=huggies+snug+and+dry+size+4 *with* http://www.target.com/p/huggies-pure-natural-baby-diapers-super-pack-select-size/-/A-14517563#prodSlot=medium_1_1&term=huggies+pure+and+natural.

[13] *Compare* http://www.walmart.com/ip/HUGGIES-Simply-Clean-Baby-Wipes-72-sheets/42436242 *with* http://www.walmart.com/ip/HUGGIES-Natural-Care-Baby-Wipes-64ct/19802289.

[14] *See*, FTC, GUIDES FOR THE USE OF ENVIRONMENTAL MARKETING CLAIMS, 16 C.F.R. Part 260, available at https://www.ftc.gov/sites/default/files/documents/federal_register_notices/guides-use-environmental-marketing-claims-green-guides/greenguidesfrn.pdf.

37.    Environmental marketing claims that violate the standards of the Green Guides are *per se* unlawful under California's Environmental Marketing Claims Act ("EMCA"), Cal. Bus. & Prof. Code §§ 17580-17581.

38.    The acts and omissions alleged herein are in contravention of the FTC Green Guides and in violation of the EMCA in several respects.  For example, Kimberly-Clark makes unqualified representations about the "natural" qualities of the Products, whereas the FTC Green Guides advise that, to prevent deceptive claims, any "qualifications and disclosures should be clear, prominent and understandable."[15]  Furthermore, the FTC Green Guides advise that, "[t]o make disclosures clear and prominent, marketers . . . should place disclosures in close proximity to the qualified claim."[16]  Kimberly-Clark has not placed any clear, prominent disclosures anywhere on the Products' packaging.

39.    Similarly, Kimberly-Clark makes unqualified representations that the Products offer general environmental benefits, whereas the Green Guides advise that "marketers should not make unqualified general environmental benefit claims."[17]  By way of illustration and not limitation, Kimberly-Clarks' representations "pure & natural," "Natural Care," and the green

---

[15] 16 C.F.R. § 260.3(a) (2012); see also 16 C.F.R. § 260.6(a) (2003) ("Qualifications and disclosures.  The Commission traditionally has held that in order to be effective, any qualifications or disclosures such as those described in these guides should be sufficiently clear, prominent and understandable to prevent deception.").

[16] 16 C.F.R. § 260.3(a) (2012); see also 16 C.F.R. § 260.6(a) (2003) ("Clarity of language, relative type size and proximity to the claim being qualified, and an absence of contrary claims that could undercut effectiveness, will maximize the likelihood that the qualifications and disclosures are appropriately clear and prominent.").

[17] 16 C.F.R. § 260.4(b) (2012); *see also* 16 C.F.R. § 260.7(a) (2003) ("It is deceptive to misrepresent, directly or by implication, that a product, package or service offers a general environmental benefit. ... [E]very express and material implied claim that the general assertion conveys to reasonable consumers about an objective quality, feature or attribute of a product or service must be substantiated. Unless this substantiation duty can be met, broad environmental claims should either be avoided or qualified, as necessary, to prevent deception about the specific nature of the environmental benefit being asserted.").

coloring and leaf designs on the packaging are all such unqualified representations of general environmental benefit.[18]

40.    Kimberly-Clark also makes an unqualified "renewable materials" claim on the packaging for its Huggies Natural Diapers that is in contravention to the FTC Green Guides and California law, which advise against making such claims - specifically, a claim that a product is "made with renewable materials" - unless the product is made entirely with renewable materials,[19] which Huggies Natural Diapers are not.

41.    Furthermore, although the FTC Green Guides do not specifically address the term and "natural," the FTC has made clear that the general principles of the Guides apply to such terms - *i.e.*, use of such terms must not be misleading to reasonable consumers, and marketers must have substantiation for such claims if they evoke environmental benefits.[20]  Kimberly-Clark's use of the term "natural" is false and misleading, as described herein.

42.    In sum, Kimberly-Clark's prominent representations on the packaging for the Products deceptively mislead consumers into believing that Kimberly-Clark offers two natural,

---

[18] See 16 C.F.R. § 260.4 ("Example 3") (2012) ("A marketer's advertisement features a picture of a laser printer in a bird's nest balancing on a tree branch, surrounded by a dense forest. In green type, the marketer states, 'Buy our printer. Make a change.'  Although the advertisement does not expressly claim that the product has environmental benefits, the featured images, in combination with the text, likely convey that the product has far-reaching environmental benefits and may convey that the product has no negative environmental impact.  Because it is highly unlikely that the marketer can substantiate these claims, this advertisement is deceptive.").

[19] *See* 16 C.F.R. § 260.16 (2012). *Cf.* 16 C.F.R. § 260.7(e)(2) (2003) ("For products or packages that are only partially made of recycled material, a recycled claim should be adequately qualified to avoid consumer deception about the amount, by weight, of recycled content in the finished product or package.").

[20] See FTC, THE GREEN GUIDES: STATEMENT OF BASIS AND PURPOSE, https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguidesstatement.pdf (citing 75 Fed. Reg. 63,552, 63,585-63,586 (Oct. 15, 201 0)). Note that the FTC did not propose specific guidelines regarding the term "organic" because it "wanted to avoid proposing advice duplicative of, or inconsistent with, the USDA's National Organic Program ('NOP')" and, with respect to non-agricultural products, because it "lacked consumer perception evidence relating to claims for these products."  *Id.* The FTC did not propose specific guidelines regarding the term "natural" because it "lacked consumer perception evidence indicating how consumers understand 'natural.'"  *Id.*

environmentally sound, relatively safer (and in the case of Huggies Natural Diapers, pure) product alternatives to traditional offerings in the same product category.  While superficial differences do exist, these immaterial changes do not come close to matching a consumer's reasonable expectation resulting from the company's advertised benefits, particularly given the unnatural and potentially hazardous substances in the Products.

43.     Kimberly-Clark has profited enormously from its false and misleading representation that its Products are pure, natural and environmentally sound.  The purpose of this action is to provide consumers with monetary relief for Kimberly-Clark's deceptive and misleading product claims.

## CLASS ALLEGATIONS

44.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Huggies Natural Diapers (the "Diapers Class") and a separate class of all persons in the United States who purchased Huggies Natural Wipes (the "Wipes Class," and together with the Diaper Class, the "Classes").  Excluded from the Classes are persons who made such purchases for purpose of resale.

45.     Ms. Brenner also seeks to represent sub-classes of all Diaper Class Members who purchased Huggies Natural Diapers in California, Florida, and Massachusetts (the "Diapers California Sub-Class," "Diapers Florida Sub-Class," and "Diapers Massachusetts Sub-Class," respectively).  Ms. Brenner also seeks to represent sub-classes of all Wipes Class Members who purchased Huggies Natural Wipes in California, Florida, and Massachusetts (the "Wipes California Sub-Class," "Wipes Florida Sub-Class," and "Wipes Massachusetts Sub-Class," respectively).

46.     Ms. Franjul also seeks to represent a sub-class of all Diaper Class Members who purchased Huggies Natural Diapers in New York (the "Diapers New York Sub-Class") and a Sub-Class of all Wipes Class Members who purchased Huggies Natural Wipes in New York (the "Wipes New York Sub-Class").

47.     At this time, Plaintiffs do not know the exact number of members of the aforementioned Classes and Sub-Classes ("Class Members" and "Sub-Class Members,"

respectively); however, given the nature of the claims and the number of retail stores in the United States selling Kimberly-Clark's Products, Plaintiffs believe that Class and Sub-Class members are so numerous that joinder of all members is impracticable.

48.    There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Diapers Class that predominate over questions that may affect individual Class members include:

a.    whether Kimberly-Clark misrepresented and/or failed to disclose material facts concerning Huggies Natural Diapers;

b.    whether Kimberly-Clark's conduct was unfair and/or deceptive;

c.    whether Kimberly-Clark has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Kimberly-Clark to retain the benefits conferred upon Kimberly-Clark by Plaintiffs and the Diapers Class;

d.    whether Kimberly-Clark violated the Magnuson-Moss Warranty Act;

e.    whether Kimberly-Clark breached express warranties to Plaintiffs and the Class;

f.    whether Plaintiffs and the Diapers Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

49.    Questions of law and fact common to the members of the Wipes Class that predominate over questions that may affect individual Class members include:

a.    whether Kimberly-Clark misrepresented and/or failed to disclose material facts concerning Huggies Natural Wipes;

b.    whether Kimberly-Clark's conduct was unfair and/or deceptive;

c.    whether Kimberly-Clark has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Kimberly-Clark to retain the benefits conferred upon Kimberly-Clark by Plaintiffs and the Wipes Class;

d.    whether Kimberly-Clark violated the Magnuson-Moss Warranty Act;

e.      whether Kimberly-Clark breached express warranties to Plaintiffs and the Class;

f.      whether Plaintiffs and the Wipes Class have sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

50.     With respect to the California Sub-Classes, additional questions of law and fact common to the members that predominate over questions that may affect individual members include:

a.      whether, in violation of California Civil Code § 1770(a)(7), Kimberly-Clark advertised its Huggies Natural Diapers and Huggies Natural Wipes with the intent not to sell them as advertised;

b.      whether, in violation of California Civil Code § 1770(a)(5), Kimberly-Clark represented that its Huggies Natural Wipes had characteristics, uses, or benefits which they did not have;

c.      whether, in violation of California Civil Code § 1770(a)(9), Kimberly-Clark represented on packaging for Huggies Natural Diapers and Huggies Natural Wipes that the Products had characteristics, ingredients, uses, or benefits that they do not have;

d.      whether Kimberly-Clark is subject to liability for violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1784;

e.      whether Kimberly-Clark has violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210;

f.      whether Kimberly-Clark has violated California's False Advertising Law, Cal. Bus. & Prof. Code§§ 17500-17536;

g.      whether Kimberly-Clark has violated California's green advertising law, Cal. Bus. & Prof. Code§§ 17580-17581; and

h.      whether the California Sub-Classes are entitled to an award of restitution pursuant to California Business and Professions Code § 17203.

51.    With respect to the Florida Sub-Classes, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Kimberly-Clark violated the Florida Deceptive and Unfair Trade Practices Act.

52.    With respect to the Massachusetts Sub-Classes, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Kimberly-Clark violated the Massachusetts Consumer Protection Law.

53.    With respect to the New York Sub-Classes, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Kimberly-Clark violated N.Y. G.B.L. §§ 349 & 350.

54.    Plaintiffs' claims are typical of those of the Classes because Plaintiffs, like all members of the Classes, purchased, in a typical consumer setting, Kimberly-Clark's Products bearing the natural representations and other representations regarding potential positive effects on the environment and user, and Plaintiffs sustained damages from Kimberly-Clark's wrongful conduct.

55.    Plaintiffs will fairly and adequately protect the interests of the Classes and Sub-Classes and have retained counsel that is experienced in litigating complex class actions. Plaintiffs have no interests which conflict with those of the Classes or the Sub-Classes.

56.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57.    The prerequisites to maintaining a class action for equitable relief are met as Kimberly-Clark has acted or refused to act on grounds generally applicable to the Classes and the Sub-Classes, thereby making appropriate equitable relief with respect to the Classes and the Sub-Classes as a whole.

58.    The prosecution of separate actions by members of the Classes and the Sub-Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Kimberly-Clark.  For example, one court might enjoin Kimberly-Clark from performing the challenged acts, whereas another might not.  Additionally, individual actions

could be dispositive of the interests of the Classes and the Sub-Classes even where certain Class or Sub-Class members are not parties to such actions.

## CAUSES OF ACTION

## COUNT I

## (Unfair and Deceptive Acts and Practices In Violation of the California Consumers Legal Remedies Act)

59.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

60.     Plaintiff Brenner brings this cause of action on behalf of herself and members of the Diapers California Sub-Class and the Wipes California Sub-Class.

61.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

63.     Ms. Brenner and the other members of the California Sub-Classes are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought Huggies Natural Wipes and Huggies Natural Diapers for personal, family, or household purposes.

64.     Ms. Brenner, the other members of the California Sub-Classes, and Kimberly-Clark have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

65.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Kimberly-Clark in transactions intended to result in, and which did result in, the sale of goods to consumers.

66.     As alleged more fully above, Kimberly-Clark has violated the CLRA by falsely representing to Plaintiff Brenner and the other members of the California Sub-Classes that the Products (a) are unqualifiedly environmentally sound, (b) unqualifiedly naturally derived, (c) unqualifiedly pure and natural, and (d) safer product alternatives.

67.     As a result of engaging in such conduct, Kimberly-Clark has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

68.     CLRA § 1782 NOTICE.  On May 6, 2015, a CLRA demand letter was sent to Kimberly-Clark via certified mail that provided notice of Kimberly-Clark's violation of the CLRA and demanded that within thirty (30) days from that date, Kimberly-Clark correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein.  The letter also stated that if Kimberly-Clark refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Kimberly-Clark has failed to comply with the letter.  Accordingly, pursuant to California Civil Code § 1780(a)(3), Ms. Brenner, on behalf of herself and all other members of the California Sub-Classes, seeks compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Kimberly-Clark's acts and practices.

## COUNT II
### (Violations of California's False Advertising Law)

69.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

70.     Plaintiff Brenner brings this cause of action on behalf of herself and members of the Diapers California Sub-Class and the Wipes California Sub-Class.

71.     As alleged more fully above, Kimberly-Clark has falsely advertised the Products by falsely claiming that Huggies Natural Diapers were pure, natural, and environmentally sound and that Huggies Natural Wipes provided natural care and were environmentally sound.

72.     Ms. Brenner and the other members of the California Sub-Classes have suffered injury in fact and have lost money or property as a result of Kimberly-Clark's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

## COUNT III
### (Violations of California's Environmental Marketing Claims Act)

73.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

74.     Plaintiff Brenner brings this cause of action on behalf of herself and members of the Diapers California Sub-Class and the Wipes California Sub-Class.

75.     As alleged more fully above, Kimberly-Clark has falsely advertised the Products by falsely claiming Huggies Natural Diapers were pure, natural, and environmentally sound and that Huggies Natural Diapers provide natural care and are environmentally sound.

76.     Ms. Brenner and the other members of the California Sub-Classes have suffered injury in fact and have lost money or property as a result of Kimberly-Clark's violations of California's Environmental Marketing Claims Act ("EMCA"), Cal. Bus. & Prof. Code §§ 17580·17581.

77.     In particular, Kimberly-Clark has violated and continues to violate California Business and Professions Code § 17580.5, which makes it "unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied" and which defines an environmental marketing claim to include "any claim contained in the [the 5 FTC's Green Guides]."

## COUNT IV
### (Violation California's Unfair Competition Law)

78.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

79.     Plaintiff Brenner brings this cause of action on behalf of herself and members of the Diapers California Sub-Class and the Wipes California Sub-Class.

80.     By committing the acts and practices alleged herein, Kimberly-Clark has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Sub-Classes, by engaging in unlawful, fraudulent, and unfair conduct.

81.     Kimberly-Clark has violated the UCL's proscription against engaging in *unlawful* conduct as a result of:

      (a)     its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above;

      (b)     its violations of the F AL, Cal. Bus. & Prof. Code § 17500 *et seq.* as alleged above; and

      (c)     its violations of the EMCA, Cal. Bus. & Prof. Code §§ 17580-l7581, as

alleged above.

82.     Kimberly-Clark's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

83.     As more fully described above, Kimberly-Clark's misleading marketing, advertising, packaging, and labeling of Products is likely to deceive reasonable consumers. Indeed, Plaintiff and the other members of the California Sub-Class were unquestionably deceived regarding the environmental, pure and natural benefits of Products, as Kimberly-Clark's marketing, advertising, packaging, and labeling of Huggies Natural Diapers and Huggies Natural Wipes misrepresent and/or omit the true facts concerning the benefits of the Products. Said acts are fraudulent business practices.

84.     Kimberly-Clark's acts and practices described above also violate the UCL's proscription against engaging in *unfair* conduct.

85.     Ms. Brenner and the other California Sub-Class members suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Kimberly-Clark's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Products.

86.     There is no benefit to consumers or competition from deceptively marketing and labeling products like Huggies Natural Diapers and Huggies Natural Wipes, which purport to be pure and natural, environmentally sound, and safer alternatives to traditional offerings when these unqualified claims are false.

87.     Ms. Brenner and the other California Sub-Class members had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

88.     The gravity of the consequences of Kimberly-Clark's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical,

unscrupulous, offends established public policy, or is substantially injurious to Ms. Brenner and the other members of the California Sub-Class.

89.    Kimberly-Clark's violations of the UCL continue to this day.

90.    Pursuant to California Business and Professional Code § 17203, Ms. Brenner and the California Sub-Classes seek an order of this Court that includes, but is not limited to, an order requiring Kimberly-Clark to:

      (a)    provide restitution to Ms. Brenner and the other California Sub-Class members;

      (b)    disgorge all revenues obtained as a result of violations of the UCL, and

      (c)    pay Ms. Brenner's and the California Sub-Classes' attorney's fees and costs.

## COUNT V

### (Violation of Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

91.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

92.    Plaintiffs bring this claim individually and on behalf of members of all Classes Sub-Classes against Kimberly-Clark.

93.    The Products are consumer products as defined in 15 U.S.C. § 2301(1).

94.    Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

95.    Kimberly-Clark is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

96.    In connection with the sale of the Products, Kimberly-Clark issued written warranties as defined in 15 U.S.C. § 2301(6), by making express warranties that Huggies Natural Diapers were pure and natural and the Huggies Natural Wipes were natural.

97.    However, the Products do not conform to the express warranties because they contain ingredients that are unnatural and potentially harmful.

98.    By reason of Kimberly-Clark's breach of express warranty, Kimberly-Clark violated the statutory rights due to Plaintiff and Class members pursuant to the MMWA, thereby

damaging Plaintiffs and Class members.  *See* 15 U.S.C. §§ 2301, *et seq.*

99.     Plaintiffs and members of the Class were injured as a direct and proximate result of Kimberly-Clark's breach because (a) they would not have purchased the Products if they had known the truth about their unnatural and potentially harmful ingredients; (b) they paid a price premium for the Products based on Kimberly-Clarks' express warranties; and (c) the Products did not have the characteristics, uses, or benefits as promised.

100.     Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiffs and the Classes are entitled to recover the damages caused to them by Kimberly-Clark's breach of written and implied warranty, which either constitute the full purchase price of the Products or the difference in value between the Products as warranted and the Products as sold.  In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the Classes are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiffs and the Classes in connection with the commencement and prosecution of this action.

## COUNT VI

### (Breach of Express Warranty, U.C.C. § 2-313)

101.     Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

102.     Plaintiffs bring this claim individually and on behalf of members of all Classes Subclasses against Kimberly-Clark.

103.     In connection with the sale of the Products, Kimberly-Clark issued written warranties.  Kimberly-Clark, as the designer, manufacturer, marketer, distributor, and/or seller expressly warranted that Huggies Natural Diapers were pure and natural and the Huggies Natural Wipes were natural.

104.     Kimberly-Clarks' express warranties, and its affirmations of fact and promises made to Plaintiff and the Classes regarding the Products, became part of the basis of the bargain between Kimberly-Clark and Plaintiffs and the Classes, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and

descriptions.

105.    The Products do not conform to the express warranties because they contain ingredients that are unnatural and potentially harmful.

106.    Plaintiffs and members of the Classes were injured as a direct and proximate result of Kimberly-Clark's breach because (a) they would not have purchased the Products if they had known the truth about their unnatural and potentially harmful ingredients; (b) they paid a price premium for the Products based on Kimberly-Clark's express warranties; and (c) the Products did not have the characteristics, uses, or benefits as promised.

107.    As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted and the products as sold.

## COUNT VII

**(Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*)**

108.    Plaintiffs incorporate by reference and re-allege herein all paragraphs alleged above.

109.    Ms. Brenner brings this claim individually and on behalf of members of the Diapers Florida Sub-Class and the Wipes Florida Sub-Class against Kimberly-Clark.

110.    This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA").  The express purpose of FDUTPA is to "protect the consuming public…from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202(2).

111.    Ms. Brenner and Florida Sub-Class members are "consumers" within the meaning of Fla. Stat. § 501.203(7).

112.    Kimberly-Clark was engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

113.    The sale of the Products constituted "consumer transactions" within the scope of the Fla. Stat. §§ 501.201 to 501.213.

114.    Fla. Stat. § 501.204(1) declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

115.    Fla. Stat. § 501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(1) of the Federal Trade Commission Act." Kimberly-Clark's unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla. Stat. § 501.204 and 21 U.S.C. § 352.

116.    Kimberly-Clark has violated the FDUTPA by engaging in the unfair and deceptive practices as described herein which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers, by misrepresenting that Huggies Natural Diapers were pure and natural and the Huggies Natural Wipes were natural when they in fact contain unnatural and harmful ingredients.

117.    Ms. Brenner and the Florida Sub-Classes have been aggrieved by Kimberly-Clark's unfair and deceptive practices in that they paid for the Products, which they would not have purchased had they known the true facts.

118.    The damages suffered by Ms. Brenner and the Florida Sub-Classes were directly and proximately caused by the deceptive, misleading, and unfair practices of Kimberly-Clark.

119.    Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Ms. Brenner and the Florida Subclasses make claims for damages and attorneys' fees and costs.

## COUNT VIII

### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

120.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

121.    Plaintiff Franjul brings this claim on behalf of herself and members of the Diapers New York Sub-Class and the Wipes New York Sub-Class.

122.    By the acts and conduct alleged herein, Kimberly-Clark committed unfair or deceptive acts and practices by misrepresenting that Huggies Natural Diapers were pure and

natural and the Huggies Natural Wipes were natural when they in fact contain unnatural and harmful ingredients.

123.    The foregoing deceptive acts and practices were directed at consumers.

124.    The foregoing deceptive acts and practices are misleading in a material way.

125.    Ms. Franjul and members of the New York Subclasses were injured as a result because they overpaid for the Products because they are sold at a price premium when compared to similar products that do not contain this misrepresentation.

126.    On behalf of herself and other members of the New York Subclass, Ms. Franjul seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT IX

### False Advertising, New York Gen. Bus. Law § 350

127.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

128.    Plaintiff Franjul brings this claim on behalf of herself and members of the New York Subclass.

129.    Based on the foregoing, Kimberly-Clark engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting that Huggies Natural Diapers were pure and natural and the Huggies Natural Wipes were natural when they in fact contain unnatural and harmful ingredients.

130.    The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

131.    This misrepresentation has resulted in consumer injury or harm to the public interest.

132.    As a result of this misrepresentation, Ms. Franjul and members of the New York Subclass have suffered economic injury because they overpaid for the Products because they are

sold at a price premium when compared to similar products that do not contain this misrepresentation.

133.    On behalf of herself and other members of the New York Sub-Classes, Ms. Franjul seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT X

### Unjust Enrichment

134.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

135.    Plaintiffs bring this claim individually and on behalf of members of all Classes and Subclasses.

136.    Plaintiffs and Class members conferred benefits on Kimberly-Clark by purchasing the Products.

137.    Kimberly-Clark has knowledge of such benefits.

138.    Kimberly-Clark has been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class members' purchases of the Products.  Retention of those monies under these circumstances is unjust and inequitable because Kimberly-Clark misrepresented that Huggies Natural Diapers were pure and natural and the Huggies Natural Wipes were natural when they in fact contain unnatural and harmful ingredients.

139.    Because Kimberly-Clark's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class members is unjust and inequitable, Kimberly-Clark must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT XI

### Violation Of The Massachusetts Consumer Protection Act,

### Mass. Gen. L. ch. 93A

140.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

141.    Plaintiff Brenner brings this claim individually and on behalf of the proposed Diapers Massachusetts Sub-Class and Wipes Massachusetts Sub-Class against Kimberly-Clark.

142.    The conduct of Kimberly-Clark as set forth herein constitutes unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A, by misrepresenting that Huggies Natural Diapers were pure and natural and the Huggies Natural Wipes were natural when they in fact contain unnatural and harmful ingredients.

143.    Kimberly-Clark engages in the conduct of trade or commerce and the misconduct alleged herein occurred in trade or commerce.

144.    At the time Kimberly-Clark made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

145.    In satisfaction of Mass. Gen. L. ch. 93A, § 9(3), Ms. Brenner has made demand on Kimberly-Clark more than 30 days prior to this filing by sending a presuit letter on behalf of herself and the Class.  This letter asserted that rights of consumers had been violated, described the unfair and deceptive acts committed by Kimberly-Clark, and specified the injuries that Ms. Brenner and the Class have suffered and the relief they seek.  Thus, this letter satisfies section 9(3).

146.    As a result of Kimberly-Clark's unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A, Ms. Brenner and members of the Massachusetts Sub-Classes were injured because:  (a) they would not have purchased the Products if they had known the truth about their unnatural and potentially harmful ingredients; (b) they paid a price premium for the Products based on Kimberly-Clarks' express warranties; and (c) the Products did not have the characteristics, uses, or benefits as promised.

147.    As a result of Kimberly-Clark's violations of Mass. Gen. L. ch. 93A §§ 2(a), 9, Kimberly-Clark is liable to Ms. Brenner and the Massachusetts Sub-Classes for up to three times the damages that Ms. Brenner and the Massachusetts Sub-Classes incurred, or at the very least the statutory minimum award of $25 per class member, together with interest, costs, and

attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and the Classes and

Sub-Classes as follows:

a.     For an order certifying the nationwide Classes and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Classes and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

b.     For an order declaring that Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiffs, the nationwide Classes, and the Subclasses on all counts asserted herein;

d.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For an order of restitution and all other forms of equitable monetary relief;

g.     For an order awarding Plaintiffs and the Classes and Sub-Classes their reasonable attorneys' fees and expenses and costs of suit.

## <u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a trial by jury on all claims so triable.

Dated:  August 6, 2015                              Respectfully submitted,


                                                    By:     */s/ Joseph I. Marchese*
                                                            Joseph I. Marchese

                                                    **BURSOR & FISHER, P.A.**
                                                    Scott A. Bursor
                                                    Joseph I. Marchese
                                                    Neal J. Deckant
                                                    Yitzchak Kopel
                                                    888 Seventh Avenue
                                                    New York, NY 10019
                                                    Telephone:  (212) 989-9113
                                                    Facsimile:  (212) 989-9163
                                                    Email:  scott@bursor.com
                                                            jmarchese@bursor.com
                                                            ndeckant@bursor.com

ykopel@bursor.com

*Attorneys for Plaintiffs*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Veronica Brenner, declare as follows:

1.      I am a plaintiff in this action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint filed in this action is filed in the proper place for trial because Ms. Fanjul, my co-plaintiff, purchased Huggies Natural Diapers and Huggies Natural Wipes in this District.  Defendants also conduct substantial business in this District.

3.      I purchased Huggies Natural Diapers and Huggies Natural Wipes from CVS, Target, and Babies R Us stores located in California through 2011-2013.  I relied on Kimberly-Clark's false, misleading, and deceptive representations that Huggies Natural Diapers and Huggies Natural Wipes would provide natural, relatively safe, and environmentally sound, alternatives to traditional diaper and wipe offerings.  These representations were substantial factors influencing my decisions to purchase the Products.  Had I known the truth that the statements I relied on were false, misleading, deceptive, and unfair; I would have not purchased Huggies Natural Diapers or Huggies Natural Wipes.

4.      I declare under the penalty of perjury under the laws of the States of California and New York that the foregoing is true and correct, executed on August 3, 2015.

                                        /s/ Veronica Brenner_____
                                        Veronica Brenner

**EXHIBIT A**

# BURSOR & FISHER

P.A.

**1990 N. CALIFORNIA BLVD.**
**SUITE 940**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**L. TIMOTHY FISHER**
Tel: **925.300.4455**
Fax: **925.407.2700**
**ltfisher@bursor.com**

May 6, 2015

*__Via Certified Mail - Return Receipt Requested__*

Kimberly-Clark Corporation
Kimberly Clark Worldwide, Inc.
401 North Lake Street
Neenah, Wisconsin 54956

Kimberly-Clark Global Sales, LLC
351 Phelps Drive
Irving, TX 75038

Re:     *Violation of California Civil Code § 1782; Cal. Com. Code § 2607(3)(a);
         Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; U.C.C. §§ 2-313, 2-314; Fla.
         Stat. §§ 501.201, et seq.; Mass. Gen. Laws Ann. Ch. 93A §§ 1, et seq.; and all other
         applicable laws*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by
Kimberly-Clark Corporation, Kimberly Clark Worldwide, Inc., and Kimberly-Clark Global
Sales, LLC (collectively, "Kimberly-Clark" or "You"), on behalf of my client, Veronica
Brenner, and all other persons similarly situated.

Our client purchased Huggies Pure & Natural Diapers (the "Diapers") and Huggies
Natural Care Wipes (the "Wipes") in the states of California, Massachusetts, and Florida in
reliance on Your representations that these products are "pure" and "natural." However, the
Diapers are neither pure nor natural because they contain unnatural and potentially harmful
ingredients such as polypropylene and sodium polyacrylate. Likewise, the Wipes are not natural
because they contain unnatural and potentially harmful ingredients such as sodium
methylparaben and methylisothiazolinone.

By mislabeling the Diapers as "pure and natural" and the Wipes as "natural" when in
fact, these products contain unnatural and potentially harmful ingredients, You have violated and
continue to violate provisions of California law, including subsections (a)(5), (7), and (9) of the
Consumers Legal Remedies Act, Civil Code § 1770, and Cal. Com. Code § 2607(3)(a). Your
conduct is also a deceptive business practice under applicable Massachusetts and Florida law.

We hereby demand that You immediately make full restitution to all purchasers of the Diapers and Wipes of all purchase money obtained from sales thereof. We also demand that You preserve all documents, data, and information, including without limitation, all "Writings," as defined in California Evidence Code § 250 (collectively, "Documents"), and all "Electronically Stored Information," as defined in California Code of Civil Procedure § 2016.020(e), which refer or relate to any of the above-described practices, including, but not limited to, the following:

1.   All documents concerning the design, development, and/or testing of the Diapers and Wipes;

2.   All documents concerning the advertisement, marketing, or sale of the Diapers and Wipes;

3.   All documents concerning communications with any retailer involved in the marketing or sale of the Diapers and Wipes;

4.   All documents concerning communications with purchasers of the Diapers and Wipes

5.   All documents concerning the total revenue derived from sales of the Diapers and Wipes in the United States.

Please comply with this demand within 30 days from your receipt of this letter.

We are willing to negotiate to attempt to resolve the demands asserted in this letter. If you wish to enter into such discussions, please contact me immediately. If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation. If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents promptly.

Very truly yours,

L. Timothy Fisher